**FANG LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

No. 07–4433–ag.

United States Court of Appeals, Second Circuit.

May 29, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Erica B. Miles, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Fang Lin, a native and citizen of China, seeks review of a September 28, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Fang Lin*, No. A70 902 201 (B.I.A. Sept. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

In reviewing the BIA's denial of a motion to reopen, this Court has remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu*, 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)). Here, the BIA did not abuse its discretion in denying Lin's motion to reopen as untimely.

■ Lin's September 2006 motion to reopen was untimely in light of the fact that it was filed more than eight years after the IJ's November 1997 decision ordering Lin's deportation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(2) (an alien may only file one motion to reopen and must do so within 90 days of the final administrative decision). The BIA did not abuse its discretion in finding that Lin failed to establish material "changed circumstances arising in the country of nationality" sufficient to excuse the untimely filing of her motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(2). The BIA properly found that the birth of Lin's children did not excuse the untimely and number barred filing where this Court has explicitly rejected the argument that changed personal circumstances in the United States constitute "changed circumstances arising in the country of nationality." *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005). And, as the BIA observed, it previously evaluated the same or similar country-conditions evidence as that which Lin submitted and it found such evidence to be insufficient to establish a material change in country conditions warranting reopening. *See Matter of C–C–*, 23 I. & N. Dec. 899, 900–03 (B.I.A.2006); *Matter of S–Y–G–*, 24 I. & N. Dec. 247, 258 (B.I.A. 2007); *see also Matter of J–W–S–*, 24 I. & N. Dec. 185, 189–90 (B.I.A.2007).

■ Although Lin argues that the BIA abused its discretion by not sufficiently considering the evidence she submitted, this Court does not require the agency to "expressly parse or refute on the record each individual argument or piece of evidence offered," especially evidence which the agency "is asked to consider time and again." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (citations omitted). The BIA's summary analysis was not an abuse of discretion in light of the fact that Lin fails to identify any substan-

**36**

tive country-conditions evidence that the BIA overlooked demonstrating that individuals with U.S.–born children are subject to persecution in China. *See id.*

We see no support for Lin's contention that the BIA declined to credit the village notice she submitted because it was merely a photocopy. Rather, the BIA rejected the authenticity of the document because of the IJ's earlier adverse credibility determination. Lin has waived any challenge to the BIA's reliance on the adverse credibility determination. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.